UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS KITCHEN, | ) | 1:10-cv-00663-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING CLERK TO FILE |
| | ) | SECOND AMENDED COMPLAINT |
| v. | ) | WHICH WAS LODGED ON JULY 6, |
| | ) | 2010 |
| PATRICIA ROUCH, et al., | ) | (Doc. 6.) |
| | ) | |
| Defendants. | ) | |

Thomas Kitchen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 15, 2010. (Doc. 1.) On June 10, 2010, Plaintiff filed the First Amended Complaint. (Doc. 6.) On July 6, 2010, Plaintiff lodged a Second Amended Complaint.[1] (Doc. 7.) The issue here is whether Plaintiff may file a Second Amended Complaint at this stage of the proceedings.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices

---

[1] Although Plaintiff has entitled the lodged amended complaint "Third Amended Complaint," this is Plaintiff's proposed Second Amended Complaint for this action.

1

the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff submitted the Second Amended Complaint less than one month after he filed the First Amended Complaint. Plaintiff indicates in the Second Amended Complaint that he is amending the complaint to include a malpractice cause of action. (Lodged 2ACP, Doc. 7 at 1:16-19.) The Court now has before it, for screening, the First Amended Complaint and the lodged Second Amended Complaint.[2] Because the Court has not screened the First Amended Complaint or thoroughly reviewed the Second Amended Complaint, and Plaintiff seeks to amend the First Amended Complaint to add a cause of action, the Court finds good cause to allow Plaintiff to proceed with the Second Amended Complaint. The Court finds no evidence that Plaintiff seeks to amend in bad faith, or that allowing the amendment prejudices the defendants, produces an undue delay in the litigation, or is futile. Therefore, the Court shall allow Plaintiff to file a Second Amended Complaint at this stage of the proceedings, and the Second Amended Complaint shall supercede the First Amended Complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a Second Amended Complaint;
2. The Clerk is DIRECTED to file the Second Amended Complaint which was lodged by Plaintiff on July 6, 2010; and
3. The Court shall screen the Second Amended Complaint in due time.


IT IS SO ORDERED.

Dated:   **December 8, 2011**          /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is required to screen complaints brought by prisoners, such as Plaintiff, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

2