1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS KITCHEN,                    1:10-cv-00663-GSA-PC

12                                      ORDER GRANTING MOTION TO DISMISS
                    Plaintiff,          PURSUANT TO RULE 41
13                                      (Doc. 12.)

14         v.                           ORDER DISMISSING ACTION IN ITS
     PATRICIA ROUCH, et al.,            ENTIRETY WITHOUT PREJUDICE
15
                                        ORDER DIRECTING CLERK TO CLOSE FILE
16                  Defendants.

17   _____/

18         Plaintiff Thomas Kitchen ("plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the

20   Complaint commencing this action on April 15, 2010.  (Doc. 1.)  On April 26, 2010, plaintiff

21   consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other

22   parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the

23   Local Rules of the Eastern District of California, the undersigned shall conduct any and all

24   proceedings in the case until such time as reassignment to a District Judge is required.  Local

25   Rule Appendix A(k)(3).

26   ///

27   ///

28   ///

                                        1

1    On March 15, 2012, plaintiff filed a motion to voluntarily dismiss this action without

2    prejudice.  (Doc. 12.)

3

4    In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

5        Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss
     his action prior to service by the defendant of an answer or a motion for summary
6    judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing
     <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir.
     1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of
7    dismissal prior to the defendant's service of an answer or motion for summary
     judgment. The dismissal is effective on filing and no court order is required.  <u>Id.</u>
8    The plaintiff may dismiss some or all of the defendants, or some or all of his
     claims, through a Rule 41(a)(1) notice.  <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-
9    10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court
     automatically terminates the action as to the defendants who are the subjects of
10   the notice.  <u>Concha</u>, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is
     ordinarily without prejudice to the plaintiff's right to commence another action for
11   the same cause against the same defendants.  <u>Id.</u> (citing <u>McKenzie v. Davenport-
     Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal
12   leaves the parties as though no action had been brought. Id.

13   <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).  No defendant has filed an answer

14   or motion for summary judgment in this action.  Therefore, plaintiff's motion shall be granted.

15   Accordingly, IT IS HEREBY ORDERED that:

16   1.    Plaintiff's motion to voluntarily dismiss this action, filed on March 15, 2012, is

17         GRANTED;

18   2.    This action is DISMISSED in its entirety without prejudice; and

19   3.    The Clerk of the Court is DIRECTED to close the file in this case and adjust the

20         docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

21

22   IT IS SO ORDERED.

23   **Dated:    March 19, 2012**                    **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28